IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

**Tamela Thompson**, *on behalf of herself and*
*all other similarly situated persons,*

        **Plaintiff,**

v.

**American Sleep Medicine, LLC,** *a*
*Florida Limited Liability Company*

        **Defendant.**

Civil Action No.:2:13-CV-02566

**JURY DEMANDED**

---

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF
SETTLEMENT OF FLSA CLAIMS**

---

The Parties, by and through undersigned counsel, submit this memorandum in support of the Joint Motion for Approval of Settlement of FLSA Claims entered into between the Parties.

## Factual Background

Representative Plaintiff Tamela Thompson and Opt-In Plaintiff Corsila Brown ("Plaintiffs") filed this action alleging violations of the Fair Labor Standards Act ("the FLSA"). Specifically, the Complaint alleged that Defendant failed to compensate Representative Plaintiff, a former Polysomnographer Technician, and other Polysomnographer Technicians for all hours worked over forty (40) in each given work week at the statutory rate of one-and-one-half times the regular rate. [Doc. 1, ¶¶10, 21]. Additionally, Representative Plaintiff's Complaint alleges that Defendant failed to include the "commissions" she received in her and others' regular rate for purposes of calculating overtime compensation. [Doc. 1, ¶19]. Defendant American Sleep Medicine, LLC ("Defendant") filed an Answer, denying these allegations. [Doc. 10].

The Parties jointly requested that a supervised Notice be sent to the putative class of Polysomnographer Technicians who worked at the Memphis location during the agreed upon class

period. [Doc. 19]. The Parties' intent was to explore resolution following the Notice period. The only Plaintiffs pursuing claims after the close of the 30-day time period for joining the lawsuit were Representative Plaintiff Thompson and Opt-In Plaintiff Brown. To facilitate resolution, Defendant provided the payroll records of both the Representative Plaintiff and Opt-In Plaintiff Brown so that their counsel could review and identify weeks worked by the individual when the individual both: worked more than forty (40) hours in a given workweek; and, also received additional payment(s) for having responsibility for testing more than two (2) patients during a given shift in the same workweek and/or identify workweeks where the employee had evidence that he or she worked "off the clock." [Doc. 19, ¶4]. The Parties also agreed before exploring resolution how they would potentially calculate any disputed damages. *Id.*

Beginning in approximately September 2014, the Parties began negotiating a settlement of this case. In addition to exchanging the information outlined above, counsel for both parties also met on a number of occasions, both telephonically and in person, to discuss the issues in this case in hopes of resolving the claims expeditiously and amicably.

On approximately December 2, 2014, the Parties reached an agreement to settle Plaintiffs' claims.

### Approval of Settlement Agreement

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employees is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee

may settle and release FLSA claims against an employer if the parties present the District Court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id. see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

This Court can and should approve the Settlement Agreement. The settlement negotiated and reached by the parties represents a reasonable compromise, and is fundamentally fair and adequate with respect to the resolution of Plaintiffs' FLSA claims. Throughout this litigation, Defendant has contended that Plaintiffs are not entitled to any back wages whatsoever, as Defendant contends that it appropriately excluded any extra payments from the Plaintiffs' regular rates as discretionary bonuses for workweeks during which the Plaintiffs worked more than 40 hours and contends that Plaintiffs were paid for all time worked. Therefore, this resolution reflects a compromise representative of the genuine risks posed for each party – potential dismissal for Plaintiffs, and potential exposure for Defendant.

In addition, the proposed settlement arises out of an action brought by Plaintiffs against their employer, which was adversarial in nature. During the litigation and settlement of this action, Plaintiffs were represented by experienced counsel. The overtime compensation sought was entirely subject to dispute. The parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. Accordingly, this Court should approve the Settlement Agreement and dismiss Plaintiffs' claims under the FLSA with prejudice.

## Conclusion

For the above referenced reasons, the Parties jointly and respectfully request that this Court approve the Settlement Agreement of the Parties. The Parties also jointly move the Court for entry of an Order dismissing with prejudice of the claims raised in this action under the FLSA, following the Court's Order approving the Parties' settlement.

Respectfully submitted,

**FISHER & PHILLIPS LLP**

By:/s/ Craig A. Cowart
Craig A. Cowart (TN Bar # 17316)
Courtney Leyes Tomlinson
Attorneys for Defendant
1715 Aaron Brenner Drive Suite 312
Memphis, Tennessee 38120
(901) 526-0431 – telephone
(901) 526-8183 – facsimile
ccowart@laborlawyers.com
ctomlinson@laborlawyers.com

**CRONE & MCEVOY PLC**

By: /s/ Alan G. Crone
Alan G. Crone (TN Bar #14285)
Laura Ann E. Bailey (TN Bar # 27078)
5583 Murray Road, Suite 120
Memphis, TN 38119
(901)737-7740 - telephone
(901) 737-7558 – facsimile
acrone@thecmfirm.com
lbailey@thecmfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 22, 2014, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which a sent copy of the same to counsel for Plaintiff Tamela Thompson as follows:

Alan G. Crone (TN Bar #14285)
Laura Ann E. Bailey (TN Bar # 27078)
5583 Murray Road, Suite 120
Memphis, TN 38119
(901)737-7740 - telephone
(901) 737-7558 – facsimile
acrone@thecmfirm.com
lbailey@thecmfirm.com

/s/ Craig A. Cowart
Craig A. Cowart